UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Roxanne Kay Deflorin, | Civil No.:  13cv2378 (PAM/SER) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| City of St. Paul, Joel Essling, Matt Dornfeld, Steve Magner, Joe Yannarelly, Dean Koehnen, and Marcia Moremond, | |
| Defendants. | |

---

This Report and Recommendation determines whether Plaintiff complied with the Court's last prior order. (*See* Order dated October 25, 2013, [Docket No. 4].) That order granted Plaintiff's request to proceed *in forma pauperis*, ("IFP"), in this case, and directed Plaintiff to submit marshal service forms within twenty days. That order required Plaintiff to file her marshal service forms in a timely manner or she would be deemed to have abandoned this action, and it would be recommended that the case be summarily dismissed for failure to prosecute.

The deadline for the submission of Plaintiff's marshal service forms expired two months ago, and Plaintiff still has not submitted the required forms. Indeed, Plaintiff has not communicated with the Court at all since she commenced this action more than four months ago. Therefore, it is now recommended that Plaintiff be deemed to have abandoned this action, and that it be summarily dismissed without prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b) (actions may be dismissed for failure to comply with court orders). *See also Henderson v. Renaissance Grand Hotel*, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a]

district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Having determined that this action should be summarily dismissed for failure to prosecute, the Court will further recommend that Plaintiff's pending motion for injunctive relief, (Docket No. 3), be summarily denied.

## RECOMMENDATION

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for injunctive relief, (Docket No. 3), be **DENIED**; and

2. This action be **DISMISSED WITHOUT PREJUDICE**.


Dated:   January 13, 2014                     *s/Steven E Rau*
                                              Steven E. Rau
                                              U.S. Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **January 27, 2014** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.